UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAWNNA SUE PARKER<br>a/k/a TAWNNA SUE WHITE,<br><br>Defendant. | 6:18-PO-05050-KLD<br>Violation: FBGB002M, FBGB002K<br>Location Code: M5<br><br>6:18-PO-05051-KLD<br>Violation: FBGB002N, FBGB002L<br>Location Code: M5<br><br>6:18-PO-05052-KLD<br>Violation: FBGB002O<br>Location Code: M5<br><br>6:18-PO-05053-KLD<br>Violation: FBGB002Q, FBGB002P<br>Location Code: M5<br><br>6:19-PO-05028-KLD<br>Violation: FAJD0057, FAJD0058, FAJD0059<br>Location Code: M5<br><br>6:21-PO-5016-KLD<br>Violation: FBJF005O, FBJF005P, FBJF005Q<br>Location Code: M5 |

**JUDGMENT**

Defendant Tawnna Sue Parker a/k/a Tawnna Sue White failed to appear before the Court for a bench trial on August 4, 2021. Defendant was found **guilty** of the following charge(s): FBGB002M, FBGB002K, FBGB002N, FBGB002L, FBGB002O, FBGB002Q, FBGB002P, FBJF005O, FBJF005P, FBJF005Q  **(1)** possession or leaving refuse, debris, or litter in an exposed unsanitary condition, in violation of 36 C.F.R. § 261.11(b); **(2)** possessing or storing any food or refuse, as specified by the order: bear food storage violation, in violation of 36 C.F.R. § 261.58(c)(c); **(3)** possessing or leaving any refuse, debris, or litter in an exposed or unsanitary condition, in violation of 36 C.F.R. § 261.11(b); **(4)** possessing or storing any food or refuse, as specified by the order: bear food storage violation, in violation of 36 C.F.R. § 261.58(c)(c); **(5)** abandoning any personal property: mattress covered in sheets left at campsite, in violation of 36 C.F.R. 261.10(e); **(6)** possessing or leaving refuse, debris, or litter in an exposed or unsanitary condition, in violation of 36 C.F.R. § 261.11(b); **(7)** possessing or storing any food or refuse as specified in the order: bear food storage violation, in violation of 36 C.F.R. § 261.58(c)(c); **(8)** providing false information, in violation of 36 C.F.R. § 261.3(b); and **(9)** driving off of a designated route, in violation of 36 C.F.R. § 261.13.

The government's **motion to dismiss** the following charge(s) was **granted**: FAJD0057, FAJD0058, FAJD0059 **(1)** public health or safety; possession of marijuana, in violation of 36 C.F.R. § 261.53(e); **(2)** threatening, resisting,

intimidating, or interfering with any forest officer engaged in or on account of the performance of her/his official duties in the protection, improvement or administration of the National Forest System, in violation of 36 C.F.R. § 261.3(a); **(3)** violation of state law: displaying fictitious license plates (MCA 61-3-303(3)), in violation of 36 C.F.R. § 261.54(d).

The Court imposes the following sentence pursuant to the Sentencing Reform Act of 1984:

1. Defendant must pay the $10.00 special assessment and the $30.00 processing fee for each of the above violations for a total of $400.00. Defendant must pay by check or credit card payable to "U.S. Courts – CVB" and mailed to Central Violations Bureau, P.O. Box 780549, San Antonio, TX 78278. Alternatively, Defendant may pay online at www.cvb.uscourts.gov. Payment shall be made by September 30, 2021.

**Defendant is prohibited from entering any and all forest service lands within the District of Montana for a period of 5 years to run concurrent.**

2. Pursuant to 18 U.S.C. §§ 3402 and 3742(g) and Federal Rule of Criminal Procedure 58(g)(2)(B), Defendant has the right to appeal the judgment of conviction and sentence imposed in this case to a United States District Court Judge within fourteen (14) days after entry of judgment by filing with the Clerk of District Court a statement specifying the judgment from which the appeal is taken,

serving a copy of the statement upon the United States Attorney (personally or by mail), and filing a copy with U.S. Magistrate Judge Kathleen L. DeSoto. If Defendant appeals, Defendant will be required to pay a $38 fee pursuant to 28 U.S.C. § 1914, Fee Schedule, subsection (10), at the time of filing the appeal. Defendant also will be required to furnish the District Court Judge with a copy of the record, which consists of the "original papers and exhibits in the case together with any transcript, tape, or other recording of the proceedings and a certified copy of the docket entries which shall be transmitted promptly by the clerk of court." Fed. R. Crim. P. 58(g)(2)(C).

DATED this 4th day of August, 2021.

*Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge